**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000908
27-MAR-2015
08:20 AM**

NO. CAAP-13-0000908

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
CHRISTOPHER E.S. KING, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(HPD Traffic No. 1DTI-12-184411)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Christopher E. S. King (King) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on May 14, 2013, in the District Court of the First Circuit, Honolulu Division (District Court).[1]

King was found to have violated Hawaii Revised Statutes (HRS) § 291C-102(a)(1) (2007), Non-compliance with Speed Limit Prohibited.

On appeal, King contends the District Court erred by admitting the result of a laser gun reading because the State failed to provide sufficient foundation. Specifically, King contends that there was insufficient evidence of the officer's training and experience in operating the laser gun to indicate that it met the manufacturer's requirements.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve King's point of error as follows:

---

[1] The Honorable Hilary B. Gangnes presided.

In this case, the District Court ruled as follows

the Court's finding that in this case the State has met its burden by proving by the preponderance of the credible evidence of the officer, whose only testimony that he was trained to operate the LTI 20/20, that the manual was the manufacturer's manual, that he was trained based on what was in the manual, that he's not aware of any training requirements of the manufacturer other than the manual, and he testified that he used the LTI 20/20 in accordance with the manual's instructions, that the LTI 20/20 was operating -- you know, was operating correctly on the day he used it, he did the -- all the four tests that the manual requires, it was working, he got a readout of 66. He testified that there was an official highway sign that said 45 miles an hour. The Court finds the State has met its burden of showing that Defendant in this case was traveling at 66 miles an hour in a 45-mile-an-hour zone. The Court therefore enters judgment in favor of the State.

One of the foundational requirements for admission of a laser gun speed reading is "whether the nature and extent of an officer's training in the operation of a laser gun meets the requirements indicated by the manufacturer." State v. Assaye, 121 Hawai'i 204, 215, 216 P.3d 1227, 1238 (2009). The requirement is met when the State establishes "both (1) the requirements indicated by the manufacturer, and (2) the training actually received by the operator of the laser gun." State v. Gonzalez, 128 Hawai'i 314, 327, 288 P.3d 788, 801 (2012). Testimony by an officer that his training conformed to the manufacturer's requirements because his training conformed with a manufacturer's manual, where the content of the manual is also not established, is not sufficient to determine whether the manufacturer's recommendations were actually described in the manual and that it was equivalent to the manufacturer's training recommendation. State v. Amiral, 132 Hawai'i 170, 178-79, 319 P.3d 1178, 1186-87 (2014). A conclusory statement by an officer that the training he or she received conformed to the manual does not describe the training recommendations in the manual such that conformance with the manual might be consistent with manufacturer recommendations. Id. at 179, 319 P.3d at 1187. Testimony that an officer is not aware of any manufacturer's recommendations for training, where there is no basis that he would have such knowledge, is similarly insufficient to establish a finding that such recommendations do not exist.

The State failed to provide evidence of the training required by the manufacturer. To the extent that, as the State suggests, the manufacturer has no such training recommendations, it is incumbent on the State, as the proponent of this evidence, to present some evidence that no such recommendations exist. Absent such evidence, this court is bound by the case law in this jurisdiction requiring that the State demonstrate that "the nature and extent of an officer's training in the operation of a laser gun meets the requirements indicated by the manufacturer." Assaye, 121 Hawai'i at 215, 216 P.3d at 1238. Thus, the laser gun speed reading should not have been admitted into evidence. Without the laser gun's speed reading, there was no evidence of King's speed and insufficient evidence to find that King violated HRS § 291C-102.

Therefore,

IT IS HEREBY ORDERED THAT the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on May 14, 2013 in the District Court of the First Circuit, Honolulu Division is reversed.

DATED: Honolulu, Hawai'i, March 27, 2015.

On the briefs:

Samuel P. King, Jr.,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Atttorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3